**CT Corporation**

**Service of Process Transmittal**
05/25/2021
CT Log Number 539624242

TO: Chuck Morici
Ford Motor Company
1 American Rd
Dearborn, MI 48126-2798

RE: **Process Served in California**

FOR: Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeff Dapra, Pltf. vs. Ford Motor Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Notice(s), Certificate, Attachment(s) |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA<br>Case # 30202101201918CUBCCJC |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2018 Ford F-150, VIN#: 1FTFW1RG5JFA47067 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/25/2021 at 14:22 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jim O. Whitworth<br>Law Offices of Jim O. Whitworth<br>7171 Warner Avenue<br>Suite B-134<br>Huntington Beach, CA 92647<br>714-841-0585 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/26/2021, Expected Purge Date: 05/31/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Tue, May 25, 2021

**Server Name:**                 George Todd


Entity Served                    FORD MOTOR COMPANY

Case Number                      30-2021-01201918-CU-BC-CJC

Jurisdiction                     CA



Electronically Filed by Superior Court of California, County of Orange, 05/19/2021 08:42:53 PM.
30-2021-01201918-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY;
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFF DAPRA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>700 Civic Center Drive West<br>Santa Ana, CA  92701 | CASE NUMBER:<br>*(Número del Caso):* 30-2021-01201918-CU-BC-CJC<br><br>Judge Fred W. Slaughter |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JIM O. WHITWORTH (SBN222031) Phone: (714) 841-0585  Fax: (714) 845-9950
LAW OFFICES OF JIM O. WHITWORTH
7171 Warner Avenue, Suite B-134, Huntington Beach, California 92647

| DATE: 05/19/2021 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *Katie Trent* | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* Katie Trent | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* *Ford Motor Company*
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

| American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 05/19/2021 08:42:53 PM.
30-2021-01201918-CU-BC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk. **CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ⌐JIM O. WHITWORTH (SBN 222031) <br> LAW OFFICES OF JIM O. WHITWORTH <br> 7171 WARNER AVENUE, SUITE B-134 <br> HUNTINGTON BEACH, CA 92647 <br> TELEPHONE NO.: (714) 841-0585    FAX NO.: (714) 845-9950 <br> ATTORNEY FOR *(Name)*: Plaintiff, JEFF DAPRA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA 92701-4022
BRANCH NAME: CENTRAL

CASE NAME:
JEFF DAPRA VS. FORD MOTOR COMPANY, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | 30-2021-01201918-CU-BC-CJC |
| | | | | JUDGE: Judge Fred W. Slaughter <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ✓ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify)*: 2-Breach of Express Warranty; Breach of Implied Warranty
5. This case ☐ is   ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 18, 2021
JIM O. WHITWORTH
_____          ▶  _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Electronically Filed by Superior Court of California, County of Orange, 05/19/2021 08:42:53 PM.
30-2021-01201918-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1  | Jim O. Whitworth (SBN 222031)
jim@lemoncarhelp.com
2  | **LAW OFFICES OF JIM O. WHITWORTH**
7171 Warner Avenue, Suite B-134
3  | Huntington Beach, CA 92647
(714) 841-0585 - telephone
4  | (714) 845-9950 - fax

5  | Attorneys for Plaintiff,
**JEFF DAPRA**
6  |

7  |

8  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  | **FOR THE COUNTY OF ORANGE, CENTRAL DISTRICT**

10 |

11 | JEFF DAPRA,                                         ) **Case No.:** 30-2021-01201918-CU-BC-CJC
                                                        )
12 |                    Plaintiff,                      )
                                                        )
13 |           vs.                                      ) **COMPLAINT RE VIOLATION OF THE**
                                                        ) **SONG-BEVERLY CONSUMER WARRANTY**
14 | FORD MOTOR COMPANY;                                ) **ACT ("ACT") {Civil Code §§ 1790 et seq.}:**
    and DOES 1 through 50, inclusive,                   )
15 |                                                    ) **1.    BREACH OF EXPRESS WARRANTY**
                                                        )         **OBLIGATIONS UNDER THE ACT;**
16 |                    Defendants.                     )
                                                        ) **2.    BREACH OF IMPLIED WARRANTY**
17 |                                                    )         **OBLIGATIONS UNDER THE ACT**
                                                        )
18 |                                                    ) **Assigned for All Purposes**
                                                        )
    _____           ) Judge Fred W. Slaughter
19 |

20 |         Plaintiff, JEFF DAPRA (hereinafter referred to as "DAPRA" or "PLAINTIFF"), hereby

21 | alleges as follows:

22 |                          **GENERAL ALLEGATIONS**

23 |                     **COMMON TO ALL CAUSES OF ACTION**

24 |         1.      DAPRA is, and at all times herein mentioned was, an individual residing in the

25 | state of California.

26 | ///

27 | ///

28 | ///

- 1 -

2.    DAPRA is informed and believes and thereon alleges that Defendant, FORD MOTOR COMPANY (hereinafter referred to as "FMC"), is, and at all times herein mentioned was, a corporation duly licensed and/or authorized to conduct business in the state of California.

3.    a)    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 50, inclusive, are unknown to DAPRA, who therefore sues these Defendants by such fictitious names, and DAPRA will seek leave to amend this Complaint to set forth their true names and capacities when ascertained.

b)    DAPRA is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "DOE" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to DAPRA as herein alleged.

4.    a)    DAPRA is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants.

b)    DAPRA is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and/or with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5.    DAPRA is informed and believes and thereon alleges that Defendants FMC and/or DOES 1 through 20, inclusive, and each of them (hereinafter individually and collectively referred to as the "MANUFACTURER"), manufactured and/or distributed, in the United States and the state of California, a consumer good identified as a 2018 FORD F-150 bearing vehicle identification number 1FTFW1RG5JFA47067 (hereinafter referred to as the "SUBJECT VEHICLE"), for its eventual sale or lease to retail buyers or lessees.

6.    At all times mentioned herein, the SUBJECT VEHICLE was, and is, a "new motor vehicle" as defined at Civil Code § 1793.22(e)(2) of the Song-Beverly Consumer Warranty Act, Civil Code §§ 1790 et seq.   (hereinafter referred to as the "ACT"), in that said SUBJECT VEHICLE was a new motor vehicle sold with the MANUFACTURER's new car warranty.

- 2 -

7.    MANUFACTURER appended to the SUBJECT VEHICLE an express written "new car" warranty in which it warranted to perform any repairs or replacement of parts necessary to ensure that the SUBJECT VEHICLE and the components therein were free from all defects in material and workmanship, and to perform any adjustments necessary to maintain the utility of the SUBJECT VEHICLE and the parts, components, and various electrical and/or mechanical systems contained therein.

8.    DAPRA duly performed all the conditions on his part under the purchase contract and under each of the express warranties referenced above, except insofar as the acts and/or omissions of all Defendants herein, and each of them, as hereinafter alleged, prevented and/or excused such performance.

9.    a)    DAPRA returned the SUBJECT VEHICLE to DEALER for repairs under the warranties referenced above because it exhibited defects, nonconformities, maladjustments, or malfunctions relating to the noise in engine.

b)    Subsequently, the SUBJECT VEHICLE exhibited further and additional defects, nonconformities, maladjustments, or malfunctions in the same components or systems.

10.    a)    On each occasion on which the SUBJECT VEHICLE exhibited defects, nonconformities, maladjustments, or malfunctions, as hereinabove described, DAPRA notified MANUFACTURER, through DEALER or one of MANUFACTURER'S other authorized service and repair facilities, within a reasonable time after DAPRA's discovery thereof.

b)    On each occasion of notification, DAPRA attempted to invoke the applicable warranties, demanding that the authorized repair facilities repair such non-conformities pursuant to the warranties.

11.    a)    On each such occasion, Defendants, and each of them, represented to DAPRA that they could and would make the SUBJECT VEHICLE conform to the applicable warranties, and/or that they had successfully repaired the SUBJECT VEHICLE.

///

///

b)      However, Defendants, and each of them, failed to make the SUBJECT VEHICLE conform to the applicable warranties, despite a reasonable number of attempts to do so.

12.     Subsequently, discovered that Defendants, and each of them, were unable or unwilling to make the SUBJECT VEHICLE conform to the applicable warranties.

## FIRST CAUSE OF ACTION

### (Breach of Express Warranty Obligations Under the ACT)

### (Against FORD MOTOR COMPANY)

13.     DAPRA re-alleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by this reference as though fully set forth herein.

14.     The actions of Defendants, and each of them, in failing to perform the proper repairs, parts replacements, and/or adjustments to make the SUBJECT VEHICLE conform to the applicable express warranties constitute a breach of the express warranties that MANUFACTURER provided to DAPRA, thereby breaching Defendants' obligations under the ACT.

15.     a)      As the result of the actions of Defendants, and each of them, and pursuant to the provisions of the ACT, DAPRA is entitled to replacement of the SUBJECT VEHICLE, or restitution of the amount actually paid or payable under the contract, at DAPRA's option, plus prejudgment interest thereon at the legal rate.

b)      DAPRA will seek leave of the Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when ascertained.

16.     a)      As a further result of the actions of Defendants, and each of them, and pursuant to the ACT, DAPRA has sustained and is entitled to incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

b)      DAPRA will seek leave of the Court to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

///

- 4 -

17.  a)  As a further result of the actions of Defendants, and each of them, and pursuant to the ACT, DAPRA has sustained and is entitled to consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

b)  DAPRA will seek leave of the Court to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

18.  a)  Defendants, and each of them, failed to perform the necessary repairs or service in a good and workmanlike manner.

b)  The actions taken by Defendants, and each of them, were insufficient to make the SUBJECT VEHICLE conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of Defendants' obligations under the ACT.

19.  Although Defendants, and each of them, were unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable number of attempts, Defendants failed to replace the SUBJECT VEHICLE or make restitution to DAPRA in accordance with the ACT.

20.  Defendants, and each of them, knew of their obligations under the ACT but intentionally failed or declined to fulfill them.

21.  The failure of Defendants, and each of them, to make the SUBJECT VEHICLE conform to the applicable express warranties was willful, justifying an award of a Civil Penalty as provided in the ACT in an amount not to exceed two (2) times DAPRA's actual damages.

22.  a)  DAPRA made demand upon MANUFACTURER for replacement or restitution, pursuant to the ACT.

b)  Defendants, and each of them, knew of their obligations under the ACT, but, nevertheless, and despite DAPRA's demand, failed and refused to make restitution or replacement according to the mandates of the ACT.

23.  a)  As a direct result of the actions of Defendants, and each of them, and in pursuing DAPRA's claim, it was necessary for DAPRA to retain legal counsel.

///

///

b)      Pursuant to the ACT, DAPRA is entitled to the recovery of attorney's fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranty Obligations Under the ACT)

### (Against All Defendants)

24.     DAPRA re-alleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

25.     At the time that MANUFACTURER distributed the SUBJECT VEHICLE into commerce, and at the time that DAPRA acquired the SUBJECT VEHICLE, Defendants, and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as provided in the ACT.

26.     At the time that DEALER sold the SUBJECT VEHICLE, and at the time that DAPRA acquired the SUBJECT VEHICLE, Defendants, and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as provided in the ACT.

27.     The SUBJECT VEHICLE was not merchantable, as evidenced by the defects, nonconformities, maladjustments, and/or malfunctions as hereinabove alleged.

28.     a)      As the result of the actions of Defendants, and each of them, DAPRA has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate.

b)      DAPRA will seek leave to amend this Complaint to set forth the exact amount thereof when ascertained.

29.     a)      As a further result of the actions of Defendants, and each of them, DAPRA has sustained incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

b)      DAPRA will seek leave to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

1   30.  a)   As a further result of the actions of Defendants, and each of them, DAPRA
2   has sustained consequential damages in an amount yet to be determined, plus interest thereon
3   at the legal rate.

4        b)   DAPRA will seek leave to amend this Complaint to set forth the exact
5   amount of consequential damages when ascertained.

6   31.  a)   As a direct result of the actions of Defendants, and each of them, and in
7   pursuing DAPRA's claim, it was necessary for DAPRA to retain legal counsel.

8        b)   Pursuant to the ACT, DAPRA is entitled to the recovery of attorney's fees
9   based upon actual time expended, and to the recovery of all costs and expenses reasonably
10  incurred in pursuing this matter.

11  WHEREFORE, DAPRA prays for judgment against Defendants, and each of them, as
12  follows:

13  **AS TO THE FIRST AND SECOND CAUSES OF ACTION**

14  1.   For replacement or restitution, DAPRA's option, as required under the ACT;

15  2.   For incidental damages, according to proof;

16  3.   For consequential damages, according to proof;

17  4.   For prejudgment interest at the legal rate;

18  5.   For a civil penalty as provided in the ACT, in an amount not to exceed two (2)
19  times the amount of DAPRA's actual damages;

20  6.   For attorneys' fees based upon actual time expended, according to proof;

21  7.   For all costs and expenses of suit incurred; and,

22  8.   For such other and further relief as this Court may deem just and proper.

23                          Respectfully submitted,

24  DATED:   May 18, 2021          **LAW OFFICES OF JIM O. WHITWORTH**

25

26                          By: _Jim O. Whitworth_

27                          Jim O. Whitworth, Esq.
                            Attorney for Plaintiff,
28                          JEFF DAPRA

- 7 -

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Jeff Dapra | **May 24, 2021** |
| DEFENDANT: Ford Motor Company | Clerk of the Court<br>By: Katie Trent, Deputy |
| Short Title: DAPRA VS. FORD MOTOR COMPANY | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01201918-CU-BC-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>10/27/2021</u> at <u>08:45:00 AM</u> in Department <u>C64</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: *Katie Trent* , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** DAPRA VS. FORD MOTOR COMPANY

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 30-2021-01201918-CU-BC-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>05/24/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>05/25/2021</u>.

Clerk of the Court, by: _Katie Trent_ _____ , Deputy

LAW OFFICES OF JIM O. WHITWORTH
7171 WARNER AVENUE # B134
HUNTINGTON BEACH, CA 92647

V3 1013a (June 2004)                                    Code of Civil Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the
ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint,
an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR
and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to
any applicable local court rules and directions for contacting any    court    staff
responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution   programs   funded
under the Dispute Resolutions Program Act   (DRPA),   in   counties   that   are
participating in the DRPA. This information may take the form of a list of   the
applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR
process.

(b) A court may make the ADR Information Package available on its website as long as
paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant
along with the complaint. Cross-complainants must serve a copy of the ADR
Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:

- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org

- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                    STATE:          ZIP CODE:<br>TELEPHONE NO.:                           FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION